# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

VICTOR HUGO CASTELLANAS-SANTIAGO

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30436

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant is charged by way of criminal complaint with being an alien who has been previously removed from the United States, who enters, attempts to enter, or is at any time found in, the United States.
CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 15, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

11-30436; USA V VICTOR HUGO CASTELLANAS-SANTIAGO                PAGE 2

Defendant admits to the charges and to being a national and citizen of Mexico with no papers that would allow him to enter this country legally. He has been ordered removed/deported from the United States back to Mexico on three occasions: 4/22/03; 12/23/09; 4/18/11. Yet on August 2, 2011, less than four months since his last order of deportation, Defendant was found at the intersection of 12 Mile and I-94 in St. Clair shores driving a vehicle when he was picked up on a traffic stop.

His criminal contacts include a Misdemeanor for Failure to Appear when charged with Admission of Immoral Acts for Purpose of Prostitution on 7/13/06; Misdemeanor for Failure to Appear on 11/16/06 for driving with a suspended sentence; Criminal Bench Warrant for Probation Violation for Driving with Suspended License (12/06/07); Operating While Impaired, 3/12/06; Operating With Suspended/Revoked License (6/15/06); Suspended License (9/406); ICE, Detroit (12/14/09); ICE Laredo, Texas (4/1/11).

Defendant was cited for 17 traffic violations between 2005 - 2009, including nine failures to comply with traffic court judgments, and four failures to appear for traffic court hearings.

Defendant poses a risk of non appearance due to the outstanding warrants which include previous failures to appear and comply with local court orders, a probation violation, and defendant's immigration status. Additionally, Defendant has had multiple removals and has an outstanding administrative warrant of removal pending.

This court finds by a preponderance of the evidence that Defendant poses a risk of non-appearance. There is no condition or combination of conditions which would assure this Defendant's appearance in court. Therefore Detention is Ordered.